IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs at Knoxville April 27, 2021

**STATE OF TENNESSEE v. LANCE WHITE**

**Appeal from the Circuit Court for Madison County**
**No. 18-931    Roy B. Morgan, Jr., Judge**

_____

**No. W2020-01367-CCA-R3-CD**

_____

The Appellant, Lance White, was convicted in the Madison County Circuit Court of various offenses, including driving under the influence (DUI), fourth offense, and received an effective six-year sentence to be served as eleven months, twenty-nine days in confinement followed by five years on supervised probation. Subsequently, the trial court revoked the Appellant's probation, and the Appellant filed a "Motion to Correct Sentence." The trial court denied the motion, and the Appellant appeals. Based upon our review of the record and the parties' briefs, we conclude that the appeal should be dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which TIMOTHY L. EASTER and J. ROSS DYER, JJ., joined.

Lance White, pro se, Whiteville, Tennessee.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Assistant Attorney General; Jody S. Pickens, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

In December 2013, the Madison County Grand Jury indicted the Appellant for DUI in count one; DUI, fourth offense, in count two; driving on a canceled, suspended, or revoked license in count three; driving on a canceled, suspended, or revoked license, sixth offense, in count four; driving on a canceled, suspended, or revoked license with three prior convictions of DUI in count five; criminal impersonation in count six; violating the open container law in count seven; violating the vehicle registration law in count eight; violating

the financial responsibility law in count nine; making an improper turn in count ten; and failing to maintain his lane in count eleven. On March 28, 2019, the Appellant entered guilty pleas in counts two, four, and five. Pursuant to the plea agreement, he was to receive an effective six-year sentence to be served at sixty percent release eligibility. That same day, a jury convicted him of counts one, three, six, seven, nine, and ten. The State dismissed count eight, and the jury found the Appellant not guilty in count eleven.

The trial court held a sentencing hearing for all of the convictions on May 6, 2019. The trial court merged count one into count two and merged counts three and four into count five. The trial court sentenced the Appellant to six years as a Range III, career offender for DUI, fourth offense, a Class E felony, in count two to be served as eleven months, twenty-nine days in confinement at seventy-five percent release eligibility followed by five years on supervised probation. The trial court sentenced him to eleven months, twenty-nine days for driving on a canceled, suspended, or revoked license with three prior DUI convictions, a Class A misdemeanor, in count five; six months for criminal impersonation, a Class B misdemeanor, in count six; ordered payment of costs for violating the open container law and violating the vehicle registration law, Class C misdemeanors, in counts seven and nine, respectively; and imposed a ten-dollar fine for making an improper turn, a Class C misdemeanor, in count ten. The following appears in the "Special Conditions" box on the judgments of conviction:

> All counts concurrent. Counts 1-2 merge, as well as Counts 3-5. Total effective sentence of 6 years at 60% release eligibility status. To serve 11 months 29 days at 75% release eligibility status with the balance on State Probation. However, if after serving 150 days (day-for-day) Defendant is approved for the Daily Reporting Center, the Court will consider releasing him. Driver's license is revoked for 8 years. DUI Safety School and Ignition Interlock required.

The judgments reflect that the Appellant received pretrial jail credit from April 27, 2018, to January 26, 2019, and from March 28, 2019, to May 6, 2019.

On April 15, 2020, the trial court issued a violation of probation warrant. On July 22, 2020, the trial court revoked the Appellant's probation and ordered that he serve the balance of his six-year sentence in confinement. On September 10, 2020, the Appellant filed a pro se document titled "Motion to Correct Sentence." In the motion, the Appellant asserted that based on his pretrial jail credit, he already had served eleven months, twenty-nine days at seventy-five percent release eligibility when he was sentenced on May 6, 2019; therefore, he should have been released on probation that day. The Appellant also asserted that instead of being released on probation, he remained in jail until May 13 and then was "wrongfully placed in the Day Reporting Center." The State filed a response, arguing that

the trial court should dismiss the motion. The trial court agreed with the State, noting that the motion did not demonstrate that the Appellant's sentences were illegal," that "[a]ny errors . . . in holding [the Appellant] beyond the appropriate incarceration as ordered will be accredited to [his] sentence," that there was no basis to consider the motion as a petition for habeas corpus relief because the Appellant was not claiming that his sentence had expired, that the one-year statute of limitations for filing a petition for post-conviction relief had expired, and that the decision to place the Appellant in the Day Reporting Center was in the prerogative of the trial court and did not render the underlying sentences illegal.

## II. Analysis

On appeal, the Appellant contends that his pretrial jail credit totaled at least 312 days, which was enough to complete his sentence of eleven months, twenty-nine days at seventy-five percent release eligibility; therefore, he should have been released on probation when he was sentenced on May 6, 2019. The Appellant further alleges that instead of being released on probation, he continued to be held in jail for seven days and then was "[taken] back before the court and resentence[d] to still attend the Day Reporting Center." According to the Appellant, the trial court found that he violated the terms of the Day Reporting Center program, revoked his probation, and ordered that he serve the remainder of his six-year sentence in confinement. The Appellant asserts that because he should not have been in the Day Reporting Center program in the first place, we should reverse the trial court's revocation of his probation and place him back on probation. The State acknowledges that by its calculations, the Appellant was eligible for release on probation before he was even sentenced on May 6, 2019. However, the State argues that the trial court properly denied the Appellant's "Motion to Correct Sentence" because he failed to raise a proper claim for relief. We conclude that the appeal should be dismissed.

Initially, we note that the Appellant did not cite to any case law, statute, or rule in his pro se motion to correct his sentence. He also has failed to cite to any case law, statute, or rule in his appellate brief. See Tenn. R. App. P. 27(a)(7) (requiring appellant's brief to include "the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record . . . relied on"); Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court.").

Relevant to this case, Tennessee Rule of Appellate Procedure 3(b) provides that a defendant may appeal as of right from an order revoking probation; an order entered pursuant to Tennessee Rules of Criminal Procedure 36, which provides that a trial court may correct clerical mistakes on judgments of conviction at any time; and an order entered pursuant to Tennessee Rule of Criminal Procedure 36.1, which provides that a defendant

may file a motion to correct an unexpired illegal sentence.  <u>See</u> Tenn. R. Crim. P. 36, 36.1. The Appellant titled his motion as "Motion to Correct Sentence" but did not identify any clerical errors in his judgments of conviction and did not allege that his sentences were illegal.  Although he now argues that we should reverse the trial court's revocation of his probation and place him back on probation, he did not appeal the trial court's revocation of his probation.  Therefore, we conclude that the Appellant does not have an appeal as of right pursuant to Tennessee Rule of Appellate Procedure 3(b).

### III.  Conclusion

Based upon our review of the record and the parties' briefs, the appeal is dismissed.


_____
NORMA MCGEE OGLE, JUDGE